UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff, | § § § | |
| V. | § § | CIVIL NO.: L-15-CV-204 |
| ALL FUNDS ON DEPOSIT AT<br>USAA INVESTMENT MANAGEMENT<br>ACCOUNT XXX-XX8820 UP TO<br>$1,525,502.00<br>    Defendant, | § § § § § § | |

## COMPLAINT FOR FORFEITURE IN REM

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, the United States of America, Plaintiff in the above styled cause, by and through its United States Attorney for the Southern District of Texas and its Assistant United States Attorney assigned to this matter, and files this Complaint for Forfeiture against all funds on deposit in USAA Investment Management Account XXX-XX8820 up to the amount of $1,525,502.00, hereinafter referred to as "the Defendant Funds," and would respectfully show the Court the following:

I.

Jurisdiction is conferred upon this Court by virtue of Title 28, United States Code, Sections 1345 and 1355.

II.

This Court is a proper venue for this matter pursuant to Title 28, United States Code, Section 1395.

III.

The Defendant Currency is within the jurisdiction of the Court having been seized in place pursuant to a seizure warrant executed by the Federal Bureau of Investigation (FBI) upon USAA

Investment Management Account XXX- XX8820 on April 7, 2015. At the time of seizure, the funds on deposit in the investment account were $823,914.23.

IV.

A. **Statutory Authorization for Forfeiture**

The Defendant Funds are funds traceable to or derivative of the death benefit proceeds fraudulently received by FAHAD and FAARIA KHARBEY as a result of a knowing and willful violation of mail and wire fraud as defined in 18 U.S.C. §§ 1342 and 1343, respectively. 18 U.S.C. §981(a)(1)(D) provides for the seizure and civil forfeiture of the gross receipts of mail or wire fraud or the property traceable thereto.

The Defendant Funds are also funds involved in money laundering, a violation of 18 U.S.C. § 1956 and are subject to seizure and forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A).

V.

B. **Summary of Probable Cause**

In support of the assertions in paragraph IV. above, Plaintiff would respectfully show the Court the following:

1) In August 2012, an FBI investigation of FAHAD KHARBEY (FAHAD) was initiated when information was received that FAHAD was attempting to smuggle an unknown individual into the United States from Pakistan. The investigation revealed that FAHAD is a naturalized United States citizen from Pakistan with a residence in New Port Richey, Florida. The investigation included a review of FAHAD's financial records, and it was learned that he received significant life insurance benefits from two policies. The first policy was issued by American General Life Insurance to SEEMA KHARBEY (SEEMA), mother of FAHAD. Another policy was issued by Met Life to SEEMA. Life insurance proceeds were received by

beneficiaries FAHAD and FAARIA KHARBEY (FAARIA) after the death of their mother was fraudulently reported and a claim made with the insurance companies.

2) SEEMA initially applied for a $1,000,000 life insurance policy with American General Insurance on December 16, 2008. The application was revised and signed on January 2, 2009. Monthly premiums were paid by FAHAD via monthly automatic withdrawals from his Wells Fargo account xxxxxxxxx4052. SEEMA applied for a second life insurance policy with Met Life in March 2009. Following the reported death of SEEMA, the policies' benefits were paid to FAHAD and FAARIA in November and December 2011. In both instances, the death benefits that FAARIA received were subsequently transferred to FAHAD's bank accounts.

3) FAHAD and FAARIA applied for the life insurance death benefits by claiming SEEMA had died of cardiac arrest on June 8th, 2011 while residing in Pakistan. The legitimacy of the claim was first questioned when the investigation uncovered documents showing that SEEMA traveled with FAHAD on July 13, 2013 using her Pakistani passport AA 4127402. This travel occurred approximately two years after her reported death to the Department of State and claim forms were filed with American General Insurance and Met Life.

On March 24, 2015, during an interview with FBI agents in Florida regarding an unrelated matter, FAARIA stated to the agents that in 2013 she had traveled to Brazil with her mother, SEEMA. FAARIA further stated that she recently traveled to Pakistan to visit SEEMA and her brother FAHAD.

4) The American General Insurance claim was first reported to International Insurance Agency and the required death claim forms were signed by FAHAD and FAARIA on August 2, 2011. The death claim forms and death of American Citizen Abroad forms were submitted to and processed by American General Insurance at the company service center located at 2727

Allen, Houston, Texas. The American General Life Insurance electronic records show that the claim forms were "backscanned" by claims investigator Sarah Wickes indicating that she received the death claim forms either by email or facsimile. Met Life received the death claim forms and death of American Citizen Abroad form by mail at the Warwick, Rhode Island office on August 15, 2011.

5) Verification of the death claim was contracted to a United States Claims Consultant, Overseas Investigator. Based upon the report submitted by the claims consultant, American General Life Insurance paid FAHAD and FAARIA the death benefits.

6) A total of $1,525,502 in life insurance benefits were paid by American General Life Insurance and Met Life. Approximately $1 million was ultimately transferred to FAHAD's personal checking and savings accounts at Wells Fargo and USAA Bank. These personal account balances totaled approximately $15,000 at the time the funds were first distributed from American General Insurance and Met Life in November and December 2011. A check in the amount of $280,000 from FAHAD's American General Account was sent by him via certified mail to USAA Investment Management Company in San Antonio, Texas where it was deposited into USAA brokerage account xxxx6348. FAHAD maintained additional personal accounts with other financial institutions which received insurance benefits. A cumulative balance of approximately $714,000 was then transferred to USAA brokerage account xxxx6348. The receipt and movement of fraudulently received insurance death benefits are set forth below in paragraphs eleven through thirteen.

7) On November 4, 2011, American General life insurance benefits in equal amounts of $502,259 were deposited into American General account xxxx7522 for FAHAD and account xxxxx7540 for FAARIA.

a) FAARIA made the following check payments to FAHAD from her American General account xxxx7522 as follows:

| Date of Deposit | Amount | Account | Method |
|---|---|---|---|
| 12/30/2011 | $502,000 | FAHAD USAA Savings xxxx3380 | Check sent in via US Mail to USAA |
| 2/8/2013 | $1,927.71 | FAHAD USAA Checking xxxxxx5977 | Mobile Deposit |

b) FAHAD made the following check payments from his American General account xxxx7522 as follows:

| Date | Amount | Account | Method of Deposit |
|---|---|---|---|
| 11/10/2011 | $10,000 | FAHAD Wachovia/Wells Fargo xxxxxx4052 | Via ATM Check Deposit |
| 11/23/2011 | $200,100 | GHS Bank of America Acct.xxxxxxxx3530 | Via Bank Deposit |
| 11/30/2011 | $12,159.20 | FAHAD Wachovia/Wells Fargo xxxxxx7052 | Via ATM Check Deposit |
| 11/30/2011 | $280,000 | FAHAD USAA Brokerage xxxx6348 | Via US Certified Mail |
| 12/31/2011 | $652 | Wachovia/Wells Fargo xxxx4052 | Via ATM Check Deposit |

12) On December 7, 2011, Met Life insurance benefits in equal amounts of $260,492.97 were deposited into Met Life account xxxxxx8739 for FAHAD and account xxxxxx8720 for FAARIA.

a) FAARIA made the following check payment from her Met Life account xxxxxx8720 as follows:

| Date | Amount | Account | Method of Deposit |
|---|---|---|---|
| 12/14/11 | $260,492 | FAHAD Wachovia/Wells Fargo xxxxxx4052 | Via ATM Check Deposit |

b) FAHAD made the following check payment from his Met Life account xxxxxx8739 as follows:

| Date | Amount | Account | Method of Deposit |
|---|---|---|---|
| 12/30/2011 | $260,000 | FAHAD USAA Savings xxxx3380 | Check sent via US Mail |

13) In addition to the $280,000 check from FAHAD's American General account, USAA brokerage account xxxx6348 received approximately $714,379.57 in life insurance proceeds that were transferred from the following accounts.

    12/01/2011: $1,001.73 **from** USAA Savings account xxxxxx5977
    12/01/2011: $1,500.00 **from** USAA Savings account xxxxxx5977
    12/02/2011: $10,305 **from** Wachovia/Wells Fargo account xxxxxxxxx4052
    12/02/2011: $110 **from** Wachovia/Wells Fargo account xxxxxxxxx4052
    01/03/2012: $6,000 **from** Wachovia/Wells Fargo account xxxxxxxxx4052
    01/05/2012: $15,000 **from** Wachovia/Wells Fargo account xxxxxxxxx4052
    01/13/2012: $177, 985.84 **from** USAA Savings account xxxxxx3380
    01/19/2012: $497, 087.84 **from** USAA Savings account xxxxxx3380
    11/18/2013: $1,000.00 **from** USAA Savings account xxxxxx5977
    12/19/2013: $1,000.00 **from** USAA Savings account xxxxxx5977
    01/21/2014: $3,500.00 **from** USAA Savings account xxxxxx5977

These eleven account transfers were affected through the transmission of interbank wire services.

14)     The total amount deposited into USAA brokerage account xxxx6348 was approximately $994,379.   Following the deposits, there were several withdrawals conducted from the account. The total brokerage withdrawals were approximately $360,000. These withdrawals were subsequently transferred to other accounts or purchased different assets.

On August 11, 2014, approximately $841,119 in securities from USAA brokerage account xxxx6348 were transferred to USAA brokerage account xxx-xx8820. The ending balance of USAA brokerage account xxx-xx8820 as of April 7, 2015 was $823,914.23.

VI.

**Conclusion**

    Based on the foregoing information, there is probable cause to believe that $1,525,502 was fraudulently received by FAHAD KHARBEY and FAARIA KHARBEY from American General Insurance and Met Life Insurance through a scheme to commit wire and mail fraud and money

laundering. False statements regarding the death of SEEMA KHARBEY were caused to be electronically communicated and mailed to American General Life Insurance Company and Met Life. The fraudulently received proceeds were then transferred in a series of financial transactions through multiple bank accounts. At least one of the accounts receiving the fraudulent proceeds was in Pakistan. In order to facilitate the funds transfers, FAHAD and FAARIA further committed mail fraud by using the US Postal Service to mail insurance proceeds. In addition, FAHAD made eleven ACH deposits into his brokerage account between 12/1/2011 and 1/21/2014. These transfers were affected through the transmission of interbank wire services. The proceeds from the fraudulent activity were transferred to and through multiple bank accounts at different financial institutions but can ultimately be traced into the USAA Securities brokerage account xxxx8820.

The last known fair market value is known to be approximately $823,914.23. Thus, all funds, monies, and instruments up to and including $1,525,502 more or less, contained in USAA Investment Management account xxxx8820 are subject to civil forfeiture pursuant to Title 18 U.S.C. § 981 (a)(1)(A) and (C).

The funds, monies, and instruments up to and including $1,525,502 more or less, contained in USAA Securities brokerage account xxxx8820 are also subject to forfeiture pursuant to Title 18 United States Code, Sections 981(a)(1)(A) as they are property involved in money laundering in violation of Title 18, United States Code, Section 1956.

Plaintiff, therefore, submits that the Defendant Funds are subject to an Order of Forfeiture to the United States of America.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays as follows:

1. That Notice of Forfeiture issue according to the normal procedure of the court citing all persons having an interest in the Defendant Funds to appear on the return day of said

process and make such Claim and Answer as they may have;

    2.      That a Judgment of Forfeiture be decreed against the Defendant Funds;

    3.      That following a Judgment of Forfeiture, the Defendant Funds be disposed of according to law; and

    4.      For costs of this action, including costs of seizure, and for such additional relief to which Plaintiff may show itself entitled.

Respectfully submitted,

KENNETH MAGIDSON
UNITED STATES ATTORNEY

BY:

/s/ Mary Ellen Smyth
Mary Ellen Smyth
Assistant United States Attorney
11204 McPherson Road, Suite 100A
Laredo, Texas 78045
Texas Bar No. 18779100
Federal Adm. 31348
Telephone: (956) 723-6523
Facsimile: (956) 726-2266

## VERIFICATION

I, Gregory Scott Bostic, Special Agent with the Federal Bureau of Investigation, declare under penalty of perjury that I am one of the agents responsible for the investigation concerning this litigation. I have read the above Complaint for Forfeiture. Based upon the investigation conducted by myself and other agents of the Federal Bureau of Investigation, and my review of that investigation, the information contained in paragraph V of the Complaint for Forfeiture *in rem* is true and correct and establishes probable cause to seize and forfeit the Defendant Funds as set forth therein.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this the 16th day of September, 2015.

_____
Gregory Scott Bostic, Special Agent
Federal Bureau of Investigation

SUBSCRIBED and SWORN to before me the undersigned Notary Public on this the 16th day of September, 2015.

TRACI HOLM
Notary Public
STATE OF TEXAS
My Comm. Exp. Jun. 15, 2016

My Commission Expires

_____
Notary Public for the State of Texas